UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL ALLEN WHITE,**

      **Plaintiff,**

**v.**                         **Case No.: 8:13-CV-_____**

**DAMIAN BRUNT FOZARD,**
**CHANNEL ONE INTERNATIONAL, INC.**
**(f/k/a CHANNEL ONE INTERNATIONAL, LLC),**
**CORE AVIONICS & INDUSTRIAL, INC., and**
**CHANNEL ONE HOLDINGS, INC.,**

      **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Michael Allen White sues Damian Brunt Fozard, Channel One International, Inc.

(f/k/a Channel One International, LLC), Core Avionics & Industrial, Inc., and Channel One

Holdings, Inc. ("Channel One Holdings"), seeking damages, declaratory and injunctive relief

and an accounting based upon the following allegations of fraud, conversion and breach of

fiduciary duty.

### Parties

1.     Plaintiff Michael Allen White is an individual residing in Chicago, Cook

County, Illinois.

2.     Defendant Damian Brunt Fozard is an individual residing in the Isle of Man

and the city of Douglas.

3.     Defendant Channel One International is a corporation organized under the

laws of the State of Delaware. According to its website, Channel One International is in the

business of providing various services such as obsolescence-management and long-term, secure storage for electronic components. Channel One International conducts business in Florida and maintains an office at 400 North Tampa St., Tampa, Florida, 33602.

4.     Defendant Core Avionics is a corporation organized under the laws of the State of Delaware. According to its website, Core Avionics was launched by Channel One International to, *inter alia*, provide temperature-screened, high-performance graphics components. Core Avionics conduct business in Florida and maintains an office at 400 North Tampa St., Tampa, Florida, 33602.

5.     Defendant Channel One Holdings is a corporation organized under the laws of the State of Delaware. Channel One Holdings serves as a manager for Core Avionics. Channel One Holdings conducts business in Florida and maintains an office at 400 North Tampa St., Tampa, Florida, 33602.

### Jurisdiction and Venue

6.     This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and citizens of a state and citizens or subjects of a foreign state. Plaintiff is a citizen of a different state or country than all Defendants. Further, the amount in controversy exceeds $75,000 exclusive of costs and interest.

7.     Defendants operate, conduct, engage in, or carrying on a business or business venture in this state, and have an office or agency in this state. Further, Defendants have committed within this state the tortious acts described herein. As a result, Defendants are subject to personal jurisdiction in this judicial district pursuant to Florida Statute § 48.193.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in this judicial district (*see* 28 U.S.C. § 1391(c)), and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district.

<u>**Common Factual Allegations**</u>

**I.      *The Manx Business Venture: Channel One Limited***

9.      Plaintiff has over twenty years of experience in electronics sales and consulting and has worked with companies such as Sony Corporation, NEC Corporation, IBM, and Advanced Micro Devices, Inc. ("AMD").   Through this work, Plaintiff has developed numerous contacts and business relationships in the electronics industry.

10.      Plaintiff and David Whitten, who also has experience in the electronics industry, came up with an idea for a business venture to provide manufacturers with bulk-purchasing and long-term-storage solutions for electronic components that had become obsolete.  Plaintiff and Whitten intended to provide such services to AMD as well as to other manufacturers.

11.      Plaintiff and Whitten approached Fozard, a Manx businessman, to assist with developing the business.  Notwithstanding his lack of experience in the electronics industry, Fozard was asked to assume a managerial role in the new business.

12.      In or around September 2005, Plaintiff, Whitten, and Fozard began developing the business venture based on the idea originally conceived by Plaintiff and Whitten.   Specifically, the business would provide services to electronic-component manufacturers, such as: (a) material-management services to purchase and hold obsolete

electronic components; (b) long-term electronic component storage; (c) component-contract financing; (d) stock pooling and optional-stock holdings; and (e) product-quality inspection and management services.

13.     Fozard persuaded Plaintiff and Whitten that a Manx entity should be formed to operate the new business. Accordingly, on October 7, 2005, Channel One Distribution Limited was formed in the Isle of Man. In June 2006, Channel One Distribution Limited passed a resolution shortening its name to Channel One Limited ("Channel One Ltd.").

14.     From the outset, Plaintiff, Whitten, and Fozard agreed to a joint, three-way split of equal ownership interest in the new business venture, as evidenced by multiple communications exchanged between the three parties. For instance, on September 1, 2005, Plaintiff sent an email to Fozard proposing an ownership split of a "straight one-third for each." Fozard responded the same day with an email confirming that "[he] would like to work on an equal basis." Further, on September 21, 2005, following a discussion about the ownership interests in the new business, Fozard sent an email to Plaintiff stating: "I have given some thought to our discussion last night regard[ing] varying my percentage depending on the deal. My conclusion is that this is something that I am not prepared to do." Over three years later, Fozard again confirmed in a November 2008 email to Plaintiff's legal counsel that "we started this venture on the basis of being equal."

15.     In or around December 2005, Plaintiff invested a capital contribution of approximately $75,000 (U.S. dollars) in Channel One Ltd. In a December 28, 2005 email from Fozard to Plaintiff, Fozard confirmed that this investment was a capital contribution, and Fozard referred to Plaintiff and Whitten as "shareholders." Approximately three months

later, in an April 2006 email, Fozard provided details of what he considered to be a "shareholders loan account" in which Plaintiff's investment was being held.

16.     Plaintiff continues to own a one-third interest in the Manx company Channel One Ltd. as well as all subsidiaries and related companies, including one or more of the Defendant entities in this case. Plaintiff's ownership interest extends to the assets as well as the past and future profits of these entities.

17.     Fozard has at all times acted as Channel One Ltd.'s operations manager and/or chief executive officer and has been responsible for conducting the business's day-to-day operations.

18.     Until approximately late 2007, Plaintiff, Whitten, and Fozard jointly made key strategic business decisions, including major decisions on customer engagements, product pricing, contract language, and lending strategies. This typically involved daily conference calls.

19.     From the inception of the business until approximately late 2007, Plaintiff's responsibilities included reviewing financial data, maintaining and cultivating contacts within the industry, and marketing services to current and potential customers. Plaintiff entered the business venture with the belief that his prior contacts and relationships within the electronics industry would be beneficial in developing existing customers and securing new customers. To this end, Plaintiff utilized his prior business relationships to secure Channel One Ltd.'s first contract, a lucrative contract with AMD.

20.     At various times, Plaintiff was identified as a director of Channel One Ltd. For example, an August 1, 2007 email from a Channel One Ltd. employee to an outside

wealth management company represents that two of the company's directors are American and seeks guidance on how to set up a particular account. Additionally, a September 2007 email from Fozard to Plaintiff refers to "director loans" made to Plaintiff and Whitten.

21.     Notwithstanding the founding parties' agreement to a three-way split and Plaintiff being held out as a shareholder and director, at no time did Fozard identify Plaintiff or Whitten as registered shareholders or directors in filings made with the Isle of Man Companies Registry, as he was required to do under Manx law. The most recent filing with the Companies Registry, an October 2012 annual return, identifies Fozard as the sole shareholder of Channel One Ltd. with 300 ordinary shares. The October 2012 annual return also lists Channel One Ltd.'s directors as Damian Fozard, Michael George Hewison, Colin Sheard, and Brian Fozard. The company's registered office is listed as Fozard's home address in Douglas, Isle of Man.

22.     In March 2007, a stock transfer agreement was drafted to transfer 100 shares of Channel One Ltd. to Plaintiff. However, the agreement was never executed.

## II.     *Channel One Ltd.'s Profitability*

23.     Channel One Ltd. was almost immediately profitable, and the company's success increased year over year. For example, audited company accounts for the period October 2005 to March 31, 2006 show that the company earned gross profits of approximately $207,460. Audited company accounts for the year ending March 31, 2007 show sales of approximately $4.7 million and a gross profit of $1.56 million. Audited company accounts for the year ending March 31, 2008 show sales of approximately $6.3 million and a gross profit of just over $2 million.

24.     Channel One Ltd.'s business model depends on customer sales being fulfilled over a typical period of about four years.  By late 2007, the company was poised to enter into new and potentially lucrative, multi-year contracts.  And by March 2008, customer orders comprising a substantial monetary value had been placed with Channel One Ltd.

25.     Channel One Ltd.'s success eventually drew attention from outside investors. In January 2008, a company called Investec Direct Investments ("Investec") made an offer to purchase an equity stake in Channel One Ltd. that would have valued the company at about $20 million.   Investec's assessment of Channel One Ltd noted that the company had approximately $6 million in net assets, which was comprised primarily of contracted accounts receivable over the next four years.

### III.     Distributions to Plaintiff

26.     During the calendar year 2007, approximately $1,097,000 was distributed from Channel One Ltd. to Plaintiff and/or Plaintiff's company, MD Ltd.  Of this amount, approximately $97,000 consisted of director fees and the repayment of loans made by Plaintiff to Channel One Ltd.

27.     The remaining $1 million distribution was transferred to Plaintiff in late 2007 to facilitate the purchase of Plaintiff's primary residence in Chicago, Illinois.  Half of the $1 million represented a net profit distribution from Channel One Ltd., and the remaining amount represented a loan with a one-year repayment term.

28.     A dispute arose between Plaintiff and Fozard as to both the source of the distributions and repayment of the $500,000 loan. After the distributions were made, Fozard claimed that the repayment term of the loan was fourteen days, and under no circumstances

was the term longer than thirty days. Accordingly to Fozard, Plaintiff's failure to repay the loan within this unilaterally shortened time period put Fozard in a precarious financial position and left Channel One Ltd. overextended and in danger of not being able to meet its contractual obligations.

29. Additionally, Fozard represented that the distributions to Plaintiff were made from accounts owned by Channel One Ltd. only to later claim that some portion of the distributions were made from Fozard's personal accounts. For instance, a September 30, 2008 email from Fozard to Plaintiff represented that at least a portion of the distributions to Plaintiff were made from Channel One Ltd.'s bank accounts to maximize the company's tax deductible expenditures. However, Fozard later claimed in an October 2, 2008 email to Plaintiff that $97,000 in distributions were made from Fozard's "software account." Fozard appeared to switch positions yet again when extending buyout offers to Plaintiff in 2009 and 2010. The buyout offers deducted amounts attributable to the distributions, indicating that they were distributed through Channel One Ltd. and not Fozard individually.

30. In or around late 2007 and early 2008, Fozard began excluding both Plaintiff and Whitten from participation in the business. Plaintiff has not had direct input into the business since late 2007 after communications broke down between Plaintiff and Fozard. Starting in early 2008, discussions relating to strategic business decisions were communicated between Plaintiff and Whitten on the one hand and Whitten and Fozard on the other.

31. Plaintiff attempted to participate in the management of the business again, as evidenced by a December 2008 email from Plaintiff to Fozard expressing Plaintiff's a desire

to "get past any confusion, resolve all issues, and get back to collectively managing the business." Fozard, however, continued to prohibit Plaintiff access to the operations of the company Plaintiff founded and refused to provide any accountings beyond March 2008.

32.      Fozard's exclusion of Plaintiff and Whitten coincided with a period of substantial growth and prosperity for Channel One Ltd. Moreover, Fozard's refusal to provide financial information for the period beyond March 2008 ensured that any calculation of Plaintiff's share of Channel One Ltd.'s profits related only to the time period before this substantial growth. These tactics were designed to depress the value of Plaintiff's ownership interest and deprive Plaintiff of a substantial share of Channel One Ltd.'s profits.

*IV.*    *Attempted Buyout of Plaintiff's Interest*

33.      Channel One Ltd., through Fozard, engaged in discussions with Plaintiff and Whitten to buyout their ownership interests in Channel One Ltd.

34.      During the summer of 2009, Fozard sent Plaintiff a document titled "Term Sheet for Dissolving Partnership with Mike White." The term sheet offered Plaintiff $944,000 in compensation for the time period 2010 through 2014. The amount included about $2 million in profits from eight contracts with AMD, less $1,086,000 previously distributed to Plaintiff (including the outstanding $500,000 loan with interest).

35.      In November 2010, Channel One Ltd., through Fozard, made a second buyout offer to Plaintiff. The terms of the November 2010 buyout were included in a document titled "Deed of Termination of Partnership." The November 2010 buyout offered Plaintiff approximately $1.6 million, which included amounts attributable to some thirteen different customer contracts.

36.     To properly evaluate the November 2010 buyout offer and to determine the value of Plaintiff's ownership interest in Channel One Ltd., Plaintiff's counsel requested certain financial information and supporting documentation from Fozard, including bank statements, tax returns, and audited financial statements.

37.     Fozard refused to provide the requested financial information and instead demanded repayment of the $500,000 loan purportedly made by Fozard individually to Plaintiff.

38.     Fozard's refusal to provide adequate financial information has prevented Plaintiff from determining the value of his ownership interest in the assets and profits of Channel One Ltd. and its affiliated entities.

V.     *Establishment of Defendant U.S. Entities*

39.     In February 2009, unbeknownst to Plaintiff, Channel One Ltd. and/or Fozard formed Channel One International, LLC as a Florida subsidiary to Channel One Ltd. to carry on Channel One Ltd.'s business in the United States. *See* Exhibit 1.

40.     According to Channel One International's Articles of Organization, Channel One Ltd. was Channel One International's sole manager, and Channel One International's principal place of business was Tampa, Florida. *See id.*

41.     In Fozard's continued efforts to conceal the assets of Channel One Ltd. and depress the value of Plaintiff's ownership interest, on May 13, 2009, Channel One International filed its Articles of Amendment to Articles of Organization, which removed Channel One Ltd. as Channel One International's sole manager and replaced it with Fozard, individually.   *See* Exhibit 2.   And most recently, on March 18, 2013, Channel One

International filed its Certificate of Conversion converting the company into a Delaware corporation. *See* Exhibits 3-4.

42.   Almost two years after Channel One International was first formed, Channel One Holdings, Inc. and Core Avionics & Industrial, LLC were formed to carry on Channel One Ltd.'s business in the United States and to further conceal the divestment of Channel One Ltd.'s assets and profits from Plaintiff.

43.   Specifically, on June 7, 2011, Fozard, Channel One Ltd., and/or Channel One International formed Channel One Holdings, Inc. as a Delaware entity. *See* Exhibit 5.

44.   The next day, the electronic Articles of Organization for a further Florida entity—Core Avionics & Industrial, LLC—were filed. *See* Exhibit 6. According to the Articles of Organization, the sole manager was Channel One Holdings, LLC which had its offices in Tampa, Florida. *See id.* The Articles of Organization also listed Core Avionics's principal place of business as Tampa, Florida. *See id.*

45.   Upon information and belief, the true manager of Core Avionics is Channel One Holdings, Inc., and Articles of Organization for Core Avionics incorrectly list the manager as Channel One Holdings, LLC.

46.   Three months later, in September 2011, Core Avionics filed its Certificate of Conversion, which converted Core Avionics to a Delaware limited liability company. *See* Exhibit 7. Thereafter, Core Avionics was converted from a limited liability company to a Delaware corporation. *See* Exhibit 8.

47.   In October 2012, Core Avionics filed an application with the Florida Department of State for authorization to transact business in Florida. *See* Exhibit 9. The

application once again listed Channel One Holdings as its sole manager and its principal place of business as Tampa, Florida. *See id.*

48.　　Most recently, on May 8, 2013, Core Avionics filed in Florida its Application by Foreign Limited Liability Company for Withdraw of Authority to Transact Business in Florida. *See* Exhibit 10.

49.　　The May 8, 2013 application for withdraw states that Core Avionics is no longer transacting business in Florida, and it purports to revoke the authority of its registered agent in Florida to accept service of process. *See id.*

50.　　Channel One International, Core Avionics, and/or Channel One Holdings continue to operate as subsidiaries of Channel One Ltd. or, alternatively, as an alter ego or nominee of Channel One Ltd. Indeed, Channel One International's website at www.ch1group.com contains a copyright notice indicating that the website is registered not only to Channel One International itself, but also to Channel One Ltd. and Core Avionics. *See* Exhibit 11.

51.　　Further, the website for Core Avionics at http://www.coreavi.com reveals that the company was launched by "Channel One," and Core Avionics is identified as a "Channel One Company." *See* Exhibit 12.

52.　　Both Channel One International and Core Avionics conduct business in the United States and Florida through offices located in Tampa, Florida. The websites for both Channel One International and Core Avionics list the same contact address: 400 N. Tampa St., Suite 2850, Tampa, FL, 33602. *See* Exhibits 11-12. Moreover, a press release on Channel One International's website announces the formation of Core Avionics from offices

in Tampa. *See* Exhibit 13. And multiple press releases on Core Avionics's website announce new product developments and contract awards from Core Avionics's offices in Tampa. *See* Exhibit 14.

**COUNT I**

**Declaratory Judgment**

**[All Defendants]**

53.     Plaintiff realleges paragraphs 1-52 of this complaint as if fully restated herein.

54.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Chapter 86, Florida Statutes, to determine Plaintiff's ownership interests and rights in Channel One International, Core Avionics, and Channel One Holdings.

55.     Pursuant to the agreement among Plaintiff, Fozard, and Whitten, Plaintiff is a one-third owner of Channel One Ltd. Such agreement has not been terminated or abrogated in any way.

56.     Fozard and/or Channel One Ltd. utilized assets, both tangible and intangible, in which Plaintiff owns a beneficial interest to establish, capitalize, and/or operate various United States entities for the purpose of carrying on Channel One Ltd.'s business in the United States.

57.     By virtue of the agreement among the founding parties of Channel One Ltd., Plaintiff maintains an ownership interest in Channel One Ltd., its assets, its past and future profits, and its subsidiary and affiliate companies, including Channel One International, Core Avionics, and Channel One Holdings.

58.     The declaration sought herein deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and is not sought merely as an advisory opinion or propounded from curiosity.

59.     Plaintiff's rights are dependent upon the facts or the law applicable to the facts.

60.     The Defendants named herein have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law, and such adverse interests are all before the Court.

61.     All conditions precedent to the commencement of this action have been satisfied or have otherwise been waived.

WHEREFORE, Plaintiff, Michael A. White, demands judgment against Defendants: (a) declaring Plaintiff's ownership interest in the assets, past and future profits, and affiliate entities of Channel One International, Core Avionics, and/or Channel One Holdings; (b) granting Plaintiff all rights attendant with his ownership interests; (c) declaring and ordering Defendants to permit Plaintiff access to Channel One International, Core Avionics, and/or Channel One Holdings's financials and operations; and (d) awarding Plaintiff all other relief to which he is entitled at law or in equity.

## COUNT II
### Conversion
### [All Defendants]

62.     Plaintiff realleges paragraphs 1-52 of this complaint as if fully restated herein.

63.     This is an action for conversion pursuant to Florida law.

64.    Pursuant to the agreement of Plaintiff, Fozard, and Whitten, each was to be a one-third owner of Channel One Ltd.  Such agreement has not been terminated or abrogated in any way.

65.    By virtue of the agreement among the founding parties of Channel One Ltd., Plaintiff maintains an ownership interest in Channel One Ltd., its assets, its past and future profits, and its subsidiary and affiliate companies, including Channel One International, Core Avionics, and Channel One Holdings.

66.    Nevertheless, Fozard has prohibited Plaintiff from participating in the management and operations of Channel One Ltd. and is surreptitiously converting assets of Channel One Ltd., including Channel One International, Core Avionics, and Channel One Holdings, for his own personal gain, depressing the value of Plaintiff's interests.

67.    All conditions precedent to the commencement of this action have been satisfied or have otherwise been waived.

WHEREFORE Plaintiff, Michael A. White, demands judgment against Defendants for damages in an amount to be proven at trial, together with interest, costs of this action, and all other relief to which Plaintiff is entitled at law or in equity.

## COUNT III

### Fraudulent Transfer Act

### [All Defendants]

68.    Plaintiff realleges paragraphs 1-52 of this complaint as if fully restated herein.

69.    This is an action for breach of the Florida Uniform Fraudulent Transfer Act, as amended, Fla. Stat. § 726.101, *et seq.*

70.     Pursuant to the agreement of Plaintiff, Fozard, and Whitten, Plaintiff is a one-third owner of Channel One Ltd.  Such agreement has not been terminated or abrogated in any way.

71.     Unbeknownst to Plaintiff, Fozard, through Channel One Ltd., utilized assets, both tangible and intangible, in which Plaintiff owns a beneficial interest to establish, capitalize, and/or operate various United States entities for the purpose of carrying on Channel One Ltd.'s business in the United States.

72.     Fozard concealed these actions from Plaintiff in part by excluding Plaintiff from Channel One Ltd.'s business and denying him access to the company's financial information.

73.     Following the transfer of assets from Channel One Ltd. to the various U.S. entities, Fozard and/or Channel One Ltd. maintained possession and control over such assets in utilizing them to establish, capitalize, and/or operate the various U.S. entities for Defendants' own benefit.

74.     Fozard and/or Channel One Ltd. transferred assets to various U.S. entities with knowledge that a dispute had arisen as to the extent of Plaintiff's ownership interest in Channel One Ltd., its assets, and its past and future profits.

75.     Defendants took the above-described actions with the intent of hindering, delaying, divesting, and defrauding Plaintiff of his ownership interest in Channel One Ltd., its assets, and its past and future profits.

76.     All conditions precedent to the commencement of this action have been satisfied or have otherwise been waived.

WHEREFORE Plaintiff, Michael A. White, requests that this Court enter a judgment against Defendants that: (a) awards damages in an amount to be proven a trial, together with interest, and costs of this action; (b) grants Plaintiff an injunction precluding Defendants from disposing the assets transferred and all other assets in which Plaintiff has an interest; (c) appoints a receiver to take charge of the assets transferred or of other property in which Plaintiff has an interest; (d) requires disgorgement of any and all assets improperly concealed, dissipated, or otherwise transferred without the approval of Plaintiff, as owner of such assets; and (e) grants all other relief to which Plaintiff is entitled at law or in equity.

## COUNT IV
### Breach of Fiduciary Duty
### [Fozard]

77.  Plaintiff realleges paragraphs 1-52 of this complaint as if fully restated herein.

78.  As set forth above, Plaintiff, Fozard, and Whitten entered into an agreement by which White would have a one-third ownership interest in the past and future profits of, Channel One Ltd.

79.  Also by agreement between Plaintiff, Whitten, and Fozard, Channel One Ltd. was incorporated with Fozard as its director. Notwithstanding the method of formation, Plaintiff, Whitten, and Fozard agreed that White held a one-third ownership interest in Channel One Ltd.

80.  Accordingly, Fozard owed Plaintiff fiduciary duties, including the duty of loyalty and the duty of care.

81.     Fozard further had an obligation to proceed in good faith and fair dealing with regard to the discharge of such fiduciary duties in accordance with his agreement with Plaintiff.

82.     Fozard breached the fiduciary duties owed to Plaintiff by, among other things, refusing to document Plaintiff's ownership interests, disclaiming Plaintiff's ownership interests, prohibiting Plaintiff from having any involvement in Channel One Ltd., dissipating and concealing assets of Channel One Ltd. for his own benefit, and refusing to provide Plaintiff an accounting of the profits and losses of Channel One Ltd.

83.     As a result of Fozard's breach of fiduciary duties to Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial.

84.     All conditions precedent to the commencement of this action have been satisfied or have otherwise been waived.

WHEREFORE Plaintiff, Michael A. White, demands judgment against Defendant, Damian Fozard, for damages in an amount to be proven a trial, together with interest, costs of this action, and all other relief to which Plaintiff is entitled at law or in equity.

## COUNT V
### Equitable Accounting
### [All Defendants]

85.     Plaintiff realleges paragraphs 1-52 of this complaint as if fully restated herein.

86.     Defendants have failed to provide Plaintiff—a one-third owner of Channel One Ltd., Channel One International, Core Avionics, and/or Channel One Holdings—access to the financials and supporting records of Channel One Ltd., Channel One International, Core Avionics, and/or Channel One Holdings.  Consequently, Defendants have failed to

provide Plaintiff with information reasonably required for the proper exercise of Plaintiff's rights and duties as owner.

87.     In January 2008, in conjunction with a proposed investment by a third-party in Channel One Ltd., the company was valued at $6 million.

88.     This valuation occurred concurrent with Fozard's lockout of Plaintiff from the company and just prior to Channel One Ltd. entering into lucrative, long-term contracts with additional customers, thereby increasing the value of Channel One Ltd.

89.     Channel One Ltd.'s growth into the United States via Channel One International, Core Avionics, and/or Channel One Holdings also has likely increased the operations and value of Channel One Ltd.

90.     As set forth herein, Fozard has prohibited Plaintiff access to the operations of the company he founded and jointly owns, refused to provide an accounting of Channel One Ltd.'s financials, and at various times claimed Plaintiff has no interest at all in Channel One Ltd.

91.     Additionally, Defendants have dissipated, transferred or concealed assets of Channel One Ltd. to prevent Plaintiff from discovering the continued growth of Channel One Ltd. and to depress the value of Plaintiff's one-third interest in Channel One Ltd., Channel One International, Core Avionics, and/or Channel One Holdings.

92.     Defendants' failure to provide access and information has resulted in damage and injury to Plaintiff.

93.     Absent an accounting as to the financials of Channel One International, Core Avionics, and/or Channel One Holdings, including their income and expenses, Plaintiff is

without an adequate remedy at law to determine the extent of his damages as a result of Defendants' devious conduct.

94.    All conditions precedent to the commencement of this action have been satisfied or have otherwise been waived.

WHEREFORE Plaintiff, Michael A. White, requests that this Court enter a judgment that: (a) orders a detailed accounting of income and expenses of Channel One International, Core Avionics, and/or Channel One Holdings be conducted through the appointment of a receiver or other suitable mechanism; (b) requires disgorgement of any and all assets improperly concealed, dissipated, or otherwise transferred without the approval of Plaintiff, as owner of such assets; and (c) grants all other relief to which Plaintiff is entitled at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 13th day of May, 2013.

Respectfully submitted,

/s/ Jamie Austrich
Jamie Austrich, Trial Counsel
Florida Bar No. 84565
jaustrich@slk-law.com
Jeffrey B. Fabian, Esquire
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

Attorneys for Plaintiff Michael Allen White